**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CONNECTICUT GENERAL LIFE
INSURANCE COMPANY,

       Plaintiff,

v.                                                            Case No. 05-CV-72865-DT

CHRISTOPHER WALTER HOWARD
and VALERIE MOSES,

       Defendants.

_____/

**ORDER GRANTING DEFENDANT VALERIE MOSES'S**
**MOTION FOR SUMMARY JUDGMENT**

       Pending before the court is Defendant Valerie Moses's "Motion for Summary

Judgment Pursuant to Rule 56(c) Filed as her First Responsive Pleading Pursuant to

Rule 56(b)," filed on August 31, 2005.  Defendant Christopher Walter Howard filed a

response on September 15, 2005.  The court has concluded that a hearing is not

required.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons set forth below, the court will

grant Defendant's motion.

**I. BACKGROUND**

       The instant case involves a dispute over the proper beneficiary of a life insurance

policy.[1]  The facts are largely undisputed.  Prior to her death, Marie Moses Irons was

insured under the terms of a certain Connecticut General group life insurance policy

issued to the Trustees of the Educational Employees Trust.  She was married to

---

    [1]On December 15, 2005, the court issued an order dismissing with prejudice
Plaintiff Connecticut General Life Insurance Company from this action.  In that order,
the court also directed Plaintiff to deposit $110,000 with the Clerk of the Court within
seven days of the court's order.  (*See* 12/15/05 Order.)

Defendant Howard, who was designated as the primary beneficiary.  Defendant Valerie Moses was the sister of Irons and was the contingent beneficiary.  On or about December 29, 2002, Irons was murdered and Defendant Howard was charged, tried and convicted for the crime.  Now before the court is Defendant Moses's motion for summary judgment.  In her motion, Moses asks the court to enter an order determining that as a matter of law Defendant Howard is not entitled to insurance benefits arising from the death of the decedent in light of M.C.L. 700.2803.

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate."  *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material.  *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can

2

properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from those facts in a manner most favorable to the nonmoving party. *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The court is not to weigh the evidence to determine the truth of the matter, but must determine if there is a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The burden falls on the moving party to conclusively show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *Wilkins v. Jakeway*, 183 F.3d 528, 532 (6th Cir. 1999).

### III. DISCUSSION

The issue before this court is whether a triable issue of fact exists with regard to the criminal culpability of Defendant Howard. If there is no such issue, all parties agree that Michigan law prohibits him from benefitting from the policy. Thus, if there is no dispute that Defendant "feloniously and intentionally" killed the decedent, then he has forfeited all rights to the decedent's insurance policy.

M.C.L. 700.2803, the Michigan statute in question, provides as follows:

(1) An individual who feloniously and intentionally kills the decedent forfeits all benefits under this article with respect to the decedent's estate, including an intestate share, an elective share, an omitted spouse's or child's share, a homestead allowance, a family allowance, and exempt

3

property.  If the decedent died intestate, the decedent's intestate estate
passes as if the killer disclaimed his or her intestate share.

* * *

(6) After all right to appeal has been exhausted, a judgment of conviction
establishing criminal accountability for the felonious and intentional killing
of the decedent conclusively establishes the convicted individual as the
decedent's killer for purposes of this section.  In the absence of a
conviction, the court, upon the petition of an interested person, shall
determine whether, under the preponderance of evidence standard, the
individual would be found criminally accountable for the felonious and
intentional killing of the decedent.  If the court determines that, under that
standard, the individual would be found criminally accountable for the
felonious and intentional killing of the decedent, the determination
conclusively establishes that individual as the decedent's killer for
purposes of this section.

M.C.L. 700.2803.[2]  Therefore, under the statute, once Defendant Howard's right to

appeal his conviction has been exhausted, he will be adjudged ineligible to receive the

decedent's benefits.

Here, there is no dispute that Howard stands convicted of murdering the insured,

as a jury has concluded beyond a reasonable doubt that there was sufficient evidence

of premeditation and deliberation to support Defendant Howard's first-degree murder

conviction.  *People v. Howard*, 2005 WL 155890, at *1 (Mich. Ct. App. January 25,

2005).  Defendant Howard pointed out in his response that his case is on appeal to the

Michigan Supreme Court.  (Def. Howard's Resp. at 2.)  The Michigan Supreme Court,

however, in its September 28, 2005 order, denied Defendant Howard's application for

leave to appeal.  *People v. Howard*, 703 N.W.2d 811 (Mich. 2005).  Therefore, direct

---

[2]An earlier version of this statute, M.C.L. 700.251(2), forfeited a murdering joint
tenant's rights to the deceased joint tenant's share "because Michigan's public policy
seeks to prevent wrongdoers from profiting from their misdeeds."  *Koetje v. Koetje,* 2001
WL 693885, *1 (Mich. Ct. App. March 30, 2001).

review of Petitioner's convictions came to an end in state court on September 28, 2005.

Petitioner had ninety days from that date to seek a writ of certiorari in the United States

Supreme Court.  Sup. Ct. R. 13.  Defendant Howard has not sought a writ of certiorari,[3]

thus, his conviction became final on September 28, 2005.  There is no genuine issue of

fact that Defendant Howard falls under M.C.L. 700.2803 and accordingly "forfeits all

benefits under this article with respect to the decedent's estate."  M.C.L. 700.2803.

## IV.  CONCLUSION

IT IS ORDERED that Defendant Moses's "Motion for Summary Judgment

Pursuant to Rule(c) Filed as her First Responsive Pleading Pursuant to Rule 56(b)"

[Dkt. #5] is GRANTED.

A separate judgment will issue from the Clerk forthwith.


 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE


Dated:  December 30, 2005


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, December 30, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[3]*See* www.courtofappeals.mijud.net.

S:\Cleland\DEM\OpinionsandOrders\05-72865.ConnGenMosesSJGranted.wpd